IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MINNIE MCCALL, | ) |
| | ) |
|    PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10-cv-367-MEF |
| | ) |
| MONTGOMERY HOUSING | ) |
| AUTHORITY, et al., | ) (WO-Do Not Publish) |
| | ) |
|    DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff's Motion for Leave to File Documents Under Seal (Doc. #161). By this motion, the Plaintiff asks the Court to place certain documents filed in conjunction with Defendants' motions for summary judgment under seal because they claim personal information and sensitive information including but not limited to information about Plaintiff's medical records. This Court has previously placed under seal the exhibits to some of Defendants' motions in limine which referred to testimony regarding Plaintiff's health history. The Court notes that the documents which Plaintiff would now have this Court seal are only identified in a very general fashion. Moreover, they have been filed for a significant period of time without being sealed. Finally, Plaintiff provides no legal authority for the broad relief she seeks.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013,

1016 (11th Cir. 1992). There is a limited First Amendment right of access to civil trial proceedings. *See Chicago Tribune*, 263 F.3d at 1310. In addition, the public has a common-law right to inspect and copy judicial records, although the right is not absolute. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-98 (1978). Absent a showing that the interests of non-disclosure outweigh the public's common law right of access, courts often deny even joint motions to seal in civil cases. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) (denying joint motion to maintain certain documents under seal); *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514 (E.D. La. 2005) (denying joint motion to seal court record); *Stamp v. Overnite Transp. Co.*, No. Civ. A. 96-2320-GTV, 1998 WL 229538 (D. Kan. Apr. 10, 1998) (denying joint motion to seal court record).

A federal court's authority to seal or otherwise prevent public access to documents or proceedings is derived from Rule 26(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c); *see also In re Estate of Martin Luther King, Jr., Inc., v. CBS, Inc*., 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). In relevant part, Rule 26(c) provides:

> Protective Orders. Upon motion by a party or by the person from whom discovery is sought . . . for *good cause* shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> . . . .
> (6) that a deposition, after being sealed, be opened only by order of the court;
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed. R. Civ. P. 26(c) (emphasis added).

Analysis of whether materials submitted in conjunction with the motions in this case are subject to either the common-law right of access or the First Amendment right of access requires the Court to assess whether the proponent of sealing the documents has satisfied the "good cause" showing required by Federal Rule of Civil Procedure 26(c). *See, e.g., Chicago Tribune*, 263 F.3d at 1310-15; *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1365-67. This analysis requires the Court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality. *Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1366.

Even when no third party challenges a motion to seal, however, the Court must still ensure that the motion is supported by good cause. *See Estate of Martin Luther King, Jr.*, 184 F. Supp. 2d at 1363. "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (internal citation omitted).

Having considered the merits of Plaintiff's request and balanced it against the public

3

interest in access, the Court is not persuaded that Plaintiff is entitled to have any further parts of the public record in this case placed under seal. Accordingly, it is hereby ORDERED that the Plaintiff's Motion for Leave to File Documents Under Seal (Doc. # 161) is DENIED.

DONE this the 21st day of September, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE